# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0832V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY A. PURTILL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 4, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On June 12, 2018, Kimberly A. Purtill filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on September 30, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 7, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 4, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KIMBERLY A. PURTILL,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | No. 18-832V<br>Chief Special Master Corcoran<br>SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Compensation for Vaccine Injury-Related Items

On November 12, 2019, Chief Special Master Corcoran issued a Fact Ruling, finding that petitioner satisfied the six-month severity requirement set forth in Section 11(c)(1)(D)(i) of the Vaccine Act. Thereafter, on May 7, 2020, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Based on the evidence of record, respondent proffers that petitioner should be awarded $50,000.00.[1] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's May 7, 2020 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$50,000.00**, in the form of a check payable to petitioner. Petitioner agrees. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    ALEXIS B. BABCOCK
    Assistant Director
    Torts Branch, Civil Division

    *s/ Mallori B. Openchowski*
    MALLORI B. OPENCHOWSKI
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146, Ben Franklin Station
    Washington, DC 20044-0146
    Tel.: (202) 305-0660

DATED: December 4, 2020